UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:17-CR-3-DLB-EBA
CIVIL ACTION NO. 2:18-CV-130-DLB-EBA

UNITED STATES OF AMERICA,                                             PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT**
            **AND RECOMMENDATION**

SCOTT A. DUNCAN,                                                      DEFENDANT.

## INTRODUCTION

Scott A. Duncan pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a) and was sentenced to four hundred twenty (420) months in prison to be followed by a lifetime of supervised release. [R. 17; R. 25]. Duncan did not file a direct appeal. Instead, he filed this Motion to Vacate pursuant to 28 U.S.C. § 2255, wherein he presents only one argument: that there was insufficient evidence to support the charge against him. [R. 30 at 4; R. 30-1]. Having reviewed the Motion and the Rules Governing Section 2255 Proceedings, and for the reasons that follow, the undersigned finds that Duncan does not state a valid ground for relief. Accordingly, his Motion, [R. 30], must be denied and dismissed from the Court's active docket.

## ANALYSIS

It is long-established that claims of insufficient evidence are not cognizable under 28 U.S.C. § 2255. *United States v. Osborn*, 415 F.2d 1021 (6th Cir. 1969), *cert. denied* 396 U.S. 1015 (1970); *Foster v. United States*, 345 F.2d 675 (6th Cir. 1965); *United States v. Shields*, 291 F.2d 798 (6th Cir. 1961), *cert. denied* 368 U.S. 933 (1961); *Akers v. United States*, 280 F.2d 198, 199 (6th Cir. 1960), *cert. denied* 364 U.S. 924 (1960); *Clark v. United States*, 273 F.2d 68 (6th Cir. 1959); *Dunn v. United States*, 250 F.2d 548 (6th Cir. 1957), *cert. denied* 356 U.S. 942 (1958);

*Crawford v. United States*, 219 F.2d 478 (6th Cir. 1955); *Marshall v. United States*, 217 F.2d 467 (6th Cir. 1954). Rather, arguments with regard to the sufficiency of the evidence against a defendant must be brought on direct appeal. *Enzor v. United States*, 296 F.2d 62 (5th Cir. 1961), *cert. denied* 369 U.S. 854 (1962).

Duncan's sole claim in this action is that there was insufficient evidence to show that he sexually abused the child victim *for the purpose* of taking a photograph. [R. 30 at 8]. In support of this claim, Duncan cites *United States v. Palomino*, 805 F.3d 127 (4th Cir. 2005). The defendant in *Palomino* was convicted by a jury of producing child pornography in violation of 18 U.S.C. § 2251(a). *Palomino*, 805 F.3d at 128. On direct appeal the Fourth Circuit in *Palomino* reversed the defendant's conviction, finding that there was insufficient evidence to show that Palomino "engaged in sexual activity with B.H. *for the purpose* of producing a picture." *Id.* at 132 (emphasis added). Likewise, Duncan claims that the evidence against him was insufficient to support a conviction. However, the Fourth Circuit, like the Sixth, holds that a sufficiency of the evidence claim must be brought on direct appeal, because assertions of insufficient evidence are not generally reviewable in a collateral proceeding such as the instant matter, brought under 28 U.S.C. § 2255. *Hall v. United States*, 410 F.2d 653, 660 (4th Cir. 1969), *cert. denied* 396 U.S. 970 (1969); *Epps v. United States*, 728 F. Supp. 1236 (D. Md. 1990) (sufficiency of evidence is not a reviewable claim in a proceeding on motion to vacate sentence). As claims of insufficient evidence are not cognizable in this action, brought under 28 U.S.C. § 2255, Duncan's argument must fail. Rule 4 of the Rules Governing Section 2255 Proceedings; *United States v. Osborn*, 415 F.2d 1021 (6th Cir. 1969). As such, Duncan's Motion should be denied.

## CONCLUSION

As Duncan does not state grounds to support his Motion to Vacate, *Osborn*, 415 F.2d 1021,

the undersigned recommends that Defendant's Motion to Vacate, [R. 30; R. 30-1], be **DENIED** and that this matter be **DISMISSED** from the Court's active docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 7th of August, 2018.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge